**MEMORANDUM ENDORSED**

**Law Office of Dennis O. Cohen, PLLC**

157 13th Street
Brooklyn, NY 11215
**(646) 859-8855**
**dennis@denniscohenlaw.com**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/2023

March 29, 2023

<u>VIA ECF</u>

The Honorable Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

<u>Re: Case No. 1:22-cv-06305-LLS: de Fernandez et al. v. MSC Mediterranean Shipping Co. S.A., et al.</u>

Dear Judge Woods:

We write on behalf of Plaintiffs in the above-referenced litigation (1) to provide an update on the Notice of Potential Vacatur of Summary Judgment and Final Order in Seaboard Case (Dkt. 47) filed by Plaintiffs on February 25, 2023 (the "Notice"), and (2) to request that the Court stay ruling on the Defendants' Motion to Dismiss (Dkt. 41), until after the U.S. District Court for the Southern District of Florida rules on the Agreed Motion to Vacate described below. Counsel for all parties have conferred concerning point (2) and no party opposes the relief requested.

The Notice indicated that the parties to *Fernandez v. Seaboard Marine, Ltd.*, No. 20-cv-25176 (S.D. Fla.) reached a tentative settlement agreement that is expressly conditioned and contingent upon the vacatur of a summary judgment order and final judgment (the "*Seaboard* Order and Judgment"). Plaintiffs filed the Notice because, in this case, Defendants have filed a pending Motion to Dismiss and Memorandum of Law in Support ("Defendants' Motion") arguing, in part, that the Court should grant preclusive effect to the *Seaboard* Order and Judgment and dismiss part, but not all, of Plaintiffs' claims for trafficking under the Helms-Burton Act. Dkt. 41 at 28-31; Dkt. 49 at 16-18 (reply brief). However, if the *Seaboard* court vacates the *Seaboard* Order and Judgment, Defendants' collateral estoppel argument must fail.

On March 24, 2023, the parties to the *Seaboard* case finalized the settlement and the *Seaboard* plaintiff filed an Agreed Motion to Vacate the Seaboard Order and Judgment. *See Fernandez v. Seaboard Marine, Ltd.*, No. 20-cv-25176, at Dkt. 302 (S.D. Fla. March 24, 2023) (attached hereto as Exhibit A). The collateral estoppel argument raised in Defendants' Motion is based solely on the *Seaboard* Order and Judgment. The potential vacatur of the *Seaboard* Order and Judgment makes the case for a stay of the Court's consideration of that

The Honorable Gregory H. Woods

issue pending the *Seaboard* court's ruling on the Agreed Motion to Vacate. Further, in the interest of judicial efficiency, the parties agree that rather than take up the Defendants' Motion in piecemeal fashion, the Court may stay consideration of the entire Motion pending the *Seaboard* court's ruling on the Agreed Motion to Vacate.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (*citing Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). In determining whether to grant a stay pending the disposition of another civil matter, courts consider the *Kappel* five factor test:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *see also Est. of Heiser v. Deutsche Bank Tr. Co. Americas*, No. 11 CIV. 1608 AJN MHD, 2012 WL 5039065, at *3 (S.D.N.Y. Oct. 17, 2012) (discussing the "widespread use of the *Kappel* test" to stay a case pending a related civil matter). When a decision is expected in a related case that could moot a pending dispute, the *Kappel* factors "clearly weigh in favor of a stay." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 527 (S.D.N.Y. 2020) (where plaintiffs objected to the stay while the U.S. Supreme Court considered a related legal issue, four of the five factors weighed in favor of the stay). "A stay in these circumstances conserves judicial resources and avoids unnecessary expense for a cause of action that may ultimately be rendered moot." *Id*.

All *Kappel* factors weigh in favor of a stay here. A stay pending the *Seaboard* court's ruling on the Agreed Motion to Vacate will not significantly affect the progress of this case, will promote judicial efficiency, and will not prejudice any party. On March 27, 2023, the Defendants, together with the defendants in two other pending Plaintiffs' Helms-Burton Act cases, filed a consolidated motion to intervene in the *Seaboard* case. Plaintiffs intend to oppose that motion.

With regard to the appeal pending in the *Seaboard* case, Plaintiffs note that on March 22, 2023, the Eleventh Circuit Court of Appeals granted in part Appellants' motion to stay proceedings, holding the appeal in abeyance for forty-five days so the Parties could finalize their settlement. *Fernandez, Plaintiffs-Appellants et al. v. Seaboard Marine, Ltd., Defendant-Appellee*, No. 22-12966, at Dkt. 52 (11th Cir. Mar. 22, 2023) ("ORDER: Appellants' motion to stay proceedings is GRANTED IN PART. This appeal will be held in abeyance for forty-five days from the date of this order so the parties can finalize their settlement."). On March 28, 2023, Defendants together with the defendants in two other pending Plaintiffs' Helms-Burton Act cases, filed a consolidated motion to intervene in the appeal of the *Seaboard* case. Plaintiffs intend to oppose that motion.

Based on the foregoing, Plaintiffs respectfully request that the Court stay its ruling on the

The Honorable Gregory H. Woods

Defendants' Motion until the *Seaboard* court rules on the Agreed Motion to Vacate.  Plaintiffs will provide such further status reports as the Court may require.

Respectfully submitted,

Dennis O. Cohen

attachment

Plaintiffs' request for a stay of the proceedings and all existing deadlines is granted. Accordingly, the Court considers the pending motion at Dkt. No. 40 withdrawn.  Defendants may refile that motion after the stay is lifted.
The Clerk of Court is respectfully directed to note the stay of this action on the docket and to terminate the motions pending at Dkt. Nos. 40 and 56.

SO ORDERED.

Dated: March 30, 2023
New York, New York

GREGORY H. WOODS
United States District Judge

3