UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ODETTE BLANCO DE FERNANDEZ née, et al,            :
                                                                              :
                                        Plaintiffs,                    :
                                                                              :                22-CV-06305 (JAV)
                -v-                                                        :
                                                                              :                ORDER
MSC MEDITERRANEAN SHIPPING COMPANY SA;   :
and MEDITERRANEAN SHIPPING COMPANY (USA)  :
INC.,                                                                        :
                                                                              :
                                        Defendants.                  :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Odette Blanco de Fernandez née Blanco Rosell ("Plaintiff") and non-party

Emma R. Blanco ("Ms. Blanco") (i) move to terminate or limit Ms. Blanco's deposition under

Federal Rule of Civil Procedure 30(d)(3) and (ii) seek a corresponding protective order limiting

the scope of discovery under Rule 26(c).  ECF No. 140 ("Blanco Motion" or "Ltr.  Mot."); Fed.

R. Civ. P. 26(c), 30(d)(3).  Ms. Blanco's deposition originally took place on March 12, 2026, but

resumed on June 15, 2026, after Plaintiff's counsel informed Defendants' counsel that Ms.

Blanco's testimony was mistaken insofar as she disclaimed financial interest in this and other

Helms-Burton Act cases her family has pursued.  Ltr. Mot. at 1-2 & Ex. A.  At Ms. Blanco's

continued deposition, Defendants sought information about these past settlements until Ms.

Blanco abruptly ended the deposition.  ECF No. 143-2 ("Dep. Tr.") at 60:14-15 ("Starting with

the CMA CGM settlement, how much money did you receive from that settlement?"), 76:21-

77:10 (whereupon Ms. Blanco withdrew, leading to the adjournment of the deposition).

Defendants oppose the Blanco Motion on the basis that the information they seek from Ms.

Blanco—regarding family photographs and the prior Helms Burton Act settlements by Ms.

Blanco's family from which she has recovered—is discoverable to show Ms. Blanco's bias as a

former plaintiff in this case and core non-party witness. ECF No. 143 ("Opp'n") at 1-2. The Court broadly agrees and **DENIES** the Blanco Motion, finding that the parties' existing protective order and other stipulations proportionally addresses Ms. Blanco's confidentiality concerns. **Plaintiff is further ordered to show cause by July 8, 2026, as to why Defendants' exhibits at ECF No. 142 should not be unsealed.** *See* ECF No. 87 ("Prot. Ord.")

## A.      Rule 30(d)

Under Federal Rule of Civil Procedure 30(d), "at any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). The "power [to limit a deposition] has been and should be exercised sparingly," however, "lest it cripple the broad discovery intended by the Federal Rules." *Schwartz v. Broad. Music*, 16 F.R.D. 31, 33 (S.D.N.Y. 1954). Only inquiries that "encroach on personal information that is unrelated to the claims in the case" may merit such relief under Rule 30. *Sacerdote v. Cammack LaRhette Advisors*, No. 24-CV-03129 (AT) (VF), 2025 WL 893720, at *2 (S.D.N.Y. Mar. 24, 2025).

Plaintiffs contend that Defendants' questions regarding Ms. Blanco's past settlement recoveries amount to "annoyance, embarrassment, oppression, or undue burden or expense" and "would compel Ms. Blanco to violate protective orders and confidentiality agreements . . . for no legitimate purpose." Ltr. Mot. at 2, 4; *See* Fed. R. Civ. P. 26(c)(1), 30(d)(3). Defendants do, however, have legitimate purpose to inquire as to the specific amounts Ms. Blanco received in connection with these settlements, as they bear on her motivations or bias in this matter. *See generally* ECF No. 142-3 (Blanco-Rosell Family Settlement Agreement); Opp'n at 2-3.

Further, "asking a deponent irrelevant questions . . . does not[] by itself constitute

sufficient annoyance or oppressive conduct contemplated by Federal Rules of Civil Procedure Rule 30." *Sacerdote*, 2025 WL 893720 at *4; *see also Delgado v. Donald J. Trump for President, Inc.,* No. 19-CV-11764 (AT) (KHP), 2024 WL 3219809, at *5 (S.D.N.Y. June 28, 2024) (objections and refusals to answer on relevance grounds only appropriate "in extraordinary circumstances when a significant number of questions clearly pertain to irrelevant topics"). Accordingly, the Court sees no reason to cabin Ms. Blanco's testimony.

**B.     Rule 26(c)(1)**

Under Federal Rule of Civil Procedure 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order," which the Court may issue for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), including where such a burden lies "in the adverse consequences of the disclosure of sensitive, albeit unprivileged, material," *Mitchell v. Fishbein*, 227 F.R.D. 239, 245 (S.D.N.Y. 2005) (cleaned up).  Plaintiff's counsel avers that disclosure of Ms. Blanco's exact recovery under previous settlement agreements would impose "undue burden or expense" by "subject[ing] Ms. Blanco to potential penalties, lawsuits, and sanctions" for breaching the confidentiality provisions in those agreements.  Ltr. Mot. at 4.  Counsel does not, however, cite any specific clauses or sections in these settlement agreements that would preclude Ms. Blanco from responding to questions under penalty of perjury, let alone any court order that prohibits her testimony.  *See generally* Ltr. Mot.

Moreover, courts "routinely" permit discovery pertaining to confidential settlement agreements where relevant to the settling party's potential financial incentives or bias. *See, e.g.*, *ABF Cap. Managment v. Askin Cap.*, No. 95 CIV. 8905 (RWS), 2000 WL 191698, at *2 (S.D.N.Y. Feb. 10, 2000).  Nor does the fact that such agreements contain confidentiality or non-

disclosure provisions shield them from discovery. *See, e.g.*, *Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (BCM), 2020 WL 3578251, at *5 (S.D.N.Y. July 1, 2020) (citing cases).

Because Ms. Blanco is a significant witness, Defendants are entitled to explore the degree to which she has a financial stake in this litigation, as well as the financial motives she might have had in similar cases. This is particularly true as the parties have agreed that Ms. Blanco's testimony in those prior cases can be used as if taken in this case. The motion for a protective order is therefore denied.

## C.     Motion to Seal

The exhibits at ECF No. 142 were filed under seal at the request of Plaintiff. ECF No. 141. Pursuant to the protective order entered in this case, and in compliance with the Court's Individual Rule 10(c)(i), Defendants provisionally filed their opposition to Plaintiff's letter-motion and the attached exhibits under seal on June 24, 2026, and notified Plaintiff that she must file, within three business days, a letter explaining the need to seal or redact the documents. *See* ECF No. 141. Plaintiff did not file such a letter. The Court will therefore unseal this material if Plaintiff does not provide a justification for maintaining these exhibits under seal by July 8, 2026.

## C.     Fees and Costs

Defendants seek fees and costs in connection with Ms. Blanco's deposition because Plaintiff's counsel "prohibited [Defendants'] counsel from asking any further questions—about any topic—and walked out of the deposition . . . while refusing to provide ground for adjourning." Opp'n. at 4. "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes,

delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).  Even where

counsel has made improper objections or violated Rule 30, however, sanctions are not

appropriate if counsel's conduct did not "materially impair" the deposition.  *See, e.g., Cameron*

*Indus., Inc. v. Mothers Work, Inc.*, No. 06-CV-1999 (BSJ) (HBP), 2007 WL 1649856, at *5

(S.D.N.Y. June 6, 2007); *Severstal,* 2012 WL 1982132, at *3.  Defendants have not sufficiently

illustrated that Plaintiff's counsel's actions "materially impaired" the deposition.  Counsel still

spoke with Ms. Blanco for almost an hour, obtained testimony as to why she testified incorrectly

in the original March 2026 deposition, and learned the circumstances surrounding her prior

settlements in analogous cases.  *See* Dep. Tr. at 5:6, 18:2-60:13, 77:9.  Defendants are thus not

entitled to fees and costs.

Accordingly, the Court **DENIES** motion the Blanco Motion.  Plaintiff is **ORDERED** to

show cause as to why the exhibits at ECF No. 142 should not be unsealed.

The Clerk of Court is directed to terminate ECF No. 140.

SO ORDERED.

Dated: July 1, 2026
       New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

5