UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ODETTE BLANCO DE FERNANDEZ née BLANCO ROSELL et al.,

Plaintiff,

-v-

MSC MEDITERRANEAN SHIPPING COMPANY SA; and MEDITERRANEAN SHIPPING COMPANY (USA) INC.,

Defendants.

22-CV-06305 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

On July 2, 2026, the Court issued an order denying Plaintiff's motion to terminate or limit the deposition of third-party witness Emma R. Blanco ("Ms. Blanco") and to issue a corresponding protective order limiting the scope of discovery under Rule 26(c), as Plaintiff sought to withhold the dollar amounts Ms. Blanco received in past Helms-Burton Act settlements. ECF No. 144 ("Order"). On July 15, 2026, Plaintiff filed a letter motion seeking reconsideration of that Order, ECF No. 147 ("Mot."), and attached thereto a protective order in a related case, *id.*, Ex. A, and several letters from counsel representing defendants in other similar lawsuits that settled with the family, *id.*, Exs. B-D ("Letters"). The Letters oppose production of past settlement amounts and in the alternative request that they be designated attorneys' eyes only. *Id.* Plaintiff's motion is **DENIED**.

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up). A party may also move for reconsideration on the basis that the Court has "overlooked" a matter supported by controlling legal authority. *See* Local Rule 6.3; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**A. New Evidence**

"A motion for reconsideration may be granted where there is newly available evidence that would affect the outcome of a previous ruling." *Dimps v. New York State Dep't of Corr. & Cmty. Supervision*, No. 17-CV-08806 (NSR), 2025 WL 2237408, at *1 (S.D.N.Y. Aug. 6, 2025) (cleaned up). "Evidence is newly available where it is 'evidence that was truly newly discovered or could not have been found by due diligence.'" *Id.* (quoting *Space Hunters, Inc. v. United States*, 500 Fed. App'x. 76, 81 (2d Cir. 2012)).

Plaintiff argues that the Letters qualify as newly available evidence that "did not exist" at the time she moved for a protective order because she "was not required to notify the settling parties in other cases until after [the] Court ordered Plaintiff to disclose information that was subject to their settlement agreements." Mot. at 3. But third-parties' positions on the disclosure of their settlement terms is not material to this Court's analysis on this matter. As articulated in its Order, the Court has already provided mechanisms through which the significant privacy interests that Plaintiff and the Letters' authors raise may be addressed, including attorneys' eyes-only designations, and MSC has already agreed that confidential settlement information from other cases that is received in discovery here is subject to the protective order in this case. ECF No. 87 at 5; ECF No. 143 at 3; *Shrader*, 70 F.3d at 257. ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *see also Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018) ("The

confidentiality concerns expressed by the Republic can be addressed by the Republic designating the relevant testimony by Ms. Boz as confidential pursuant to the terms of the Stipulated Protective Order entered in this case."); *Ferguson v. Ruane Cunniff & Goldfarb Inc.*, No. 17-CV-06685 (ALC) (BCM), 2020 WL 4586800, at *4 (S.D.N.Y. Aug. 10, 2020) ("The production of the settlement materials in discovery, however, . . . need [not] wholly vitiate the settling parties' bargained-for confidentiality assurances. Consequently, RCG may invoke the confidentiality provisions of the Protective Order.").

**B. Overlooked Matter**

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (2d Cir. 1995). Plaintiff argues that the Order overlooked "the distinct question raised by the protective order [because] at least one of the settlement agreements expressly provides that the entire agreement is subject to a protective order." Mot. at 1. Yet the protective order that Plaintiff provides only applies to information obtained through disclosures or discovery rather than settlement agreements. Mot., Ex. A. A settlement agreement does not become subject to the protections of a court order by the unilateral fiat of the parties.

Accordingly, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate ECF No. 147.

SO ORDERED.

Dated: July 29, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge