UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODETTE BLANCO DE FERNANDEZ née BLANCO ROSELL, et al.,<br><br>Plaintiffs,<br><br>-v-<br><br>MSC MEDITERRANEAN SHIPPING COMPANY SA, et al.,<br><br>Defendants. | 22-CV-06305 (JAV)<br><br><u>MEMORANDUM OPINION AND ORDER</u> |

JEANNETTE A. VARGAS, United States District Judge:

More than four months after fact discovery closed on March 23, 2026, ECF No. 105, Defendants MSC Mediterranean Shipping Company SA and Mediterranean Shipping Company (USA) Inc. (collectively, "Defendants") filed a motion to compel Plaintiff Odette Blanco de Fernandez ("Plaintiff") to disclose certain information relating to two documents produced on March 11, 2026, and May 27, 2026, that purport to demonstrate Plaintiff's former ownership interest in Maritima Mariel. ECF No. 153 (the "Motion") at 1-2. Specifically, Defendants request the Court to compel disclosure of:

(1) the specific source(s) of the original documents,

(2) the full chain of custody of the documents, including the identity of the individual(s) who located and photographed the document[s],

(3) the dates when the original documents were first located and when Plaintiff received the photos of the documents,

(4) the means by which Plaintiff received photos of the documents,

(5) whether the documents were produced in their entirety, and

(6) whether the documents were originally part of compilations or

were altered in any way.

*Id.* at 4. In the alternative, Defendants request the Court to exclude the documents pursuant to Rule 37. Plaintiff opposes the Motion, arguing that disclosure of the requested information "threatens to expose an individual, and possibly their family and others, to imprisonment or worse at the hands of [Defendants'] former business partner, the Republic of Cuba," under Cuba's Law for the Protection of the National Independence and Economy of Cuba ("Law 88"), which criminalizes certain acts that serve to implement the Helms-Burton Act. ECF No. 155 at 1; *see* ECF No. 155-1 at 6-9. For the following reasons, the Motion is **GRANTED**.

## LEGAL STANDARD

"Federal district courts have broad discretion in deciding motions to compel." *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016) (citing *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999)). Although "[t]he party seeking discovery has the initial burden to prove relevancy and proportionality," *Johnson v. United States*, No. 24-CV-00872 (DEH), 2026 WL 865712, at *4 (S.D.N.Y. Mar. 30, 2026), "a party seeking to file a motion to compel after discovery has closed must [also] establish good cause," *Mason Tenders*, 318 F.R.D. 28 at 36 (citation omitted) (collecting cases). "If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied." *Id.*

Under Rule 26(c), a district court may issue a protective order to shield a person from discovery that could cause harm. *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from . . . oppression . . . including . . . forbidding the disclosure or discovery[.]"). The party seeking a protective order has the burden of establishing good cause. *See, e.g.*, *Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504, 505 (2d Cir.

2011) (summary order).

**DISCUSSION**

Defendants have demonstrated that the requested information is relevant. Information is relevant when "it has any tendency to make a fact more or less probable than it would be without the [information]" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "There is a relatively low threshold for a party to show that the material sought is relevant to any claim or defense in the litigation." *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, No. 21-MC-00374 (RA) (OTW), 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021) (cleaned up). The information Defendants seek bears directly on the authenticity and completeness of the documents that Plaintiff intends to use as evidence of her former ownership interest in Maritima Mariel.

Defendants have also established good cause for seeking this information after the close of fact discovery. "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Defendants received one document shortly before fact discovery closed and the other two-and-a-half months later. Defendants therefore could not have brought this issue to the Court prior to the close of fact discovery.

Whether the information Defendants seek is proportional to the needs of the case presents a closer question, however. When assessing proportionality, courts consider (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

On the one hand, producing the requested information to Defendant—to the extent Plaintiff has it—would impose a relatively low burden on Plaintiff herself, and it bears on the authenticity of documents bearing on an issue of importance to this case, namely, Plaintiff's former ownership interest in Maritima Mariel. Nor is there an alternate way for Defendants to obtain information about the identity of the individual who located and photographed the documents (the "Nonparty"), the dates when the original documents were first located and when Plaintiff received the photos of the documents, or the means by which Plaintiff received photos of the documents.[1] Although Plaintiff points out that identifying the individual who obtained the documents is not the sole method by which Defendants can test their authenticity, ECF No. 155 at 3-4, it is not clear that they could do so without significant financial expense.

Plaintiff predominantly argues that disclosure of certain information sought by Defendants may pose a genuine risk to the safety of the Nonparty. Plaintiff points to Cuba's enactment of Law 88, which criminalizes acts "aimed at supporting, facilitating or collaborating with the objectives of the 'Helms-Burton' Law." ECF No. 155-1 at 7. According to a report by the Inter-American Commission on Human Rights, Cuba has sentenced dozens of individuals to prison terms spanning decades for violations of Law 88. *See* ECF No. 155-2 at 9-29.

Assuming *arguendo* that Law 88 criminalizes the conduct of the Nonparty, any threat of prosecution presumably stems only from disclosure of the Nonparty's identity to the Cuban government. Plaintiff has not explained why disclosure of the requested information to the Defendants under the terms of the existing Protective Order would imperil the Nonparty's safety. *See MacNamara v. City of New York*, 249 F.R.D. 70, 89 (S.D.N.Y. 2008) ("Disclosure of the

---

[1] The Cuban government has been identified as the custodian of the original Notarial Registry books. The documents produced to Defendants are represented to be photographs of the relevant pages obtained from a source within Cuba in early 2026. ECF No. 153 at 2.

documents subject to the restrictions of the Protective Orders will sufficiently mitigate the risks, if any, that may arise from disclosure.”).

**CONCLUSION**

Accordingly, the Motion is **GRANTED**. Plaintiff shall provide the requested information to Defendants within seven days of the date of this Order. To the extent specific discovery responses would tend to identify the Nonparty, Plaintiff may designate such information as Confidential under the terms of the Protective Order. ECF No. 87.

The Clerk of Court is directed to terminate ECF No. 153.

SO ORDERED.

Dated: August 31, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge